**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROSCOE CHAMBERS,** | ) | |
| **#13495-030,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-00996-JPG** |
| | ) | |
| **DR. ALLEN,** | ) | |
| **JAMES CROSS,** | ) | |
| **DR. UNKNOWN,** | ) | |
| **PA SCHNERDER,** | ) | |
| **MS. POLLMAN,** | ) | |
| **and DR. DOUGLAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Roscoe Chambers, an inmate who is currently incarcerated in the United States Penitentiary located in Victorville, California ("USP-Victorville"), brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In his Complaint, Plaintiff claims that he was denied adequate medical care for a broken bone in his right knee and a bony growth in his foot during his incarceration at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). (Doc. 1, pp. 3-5). He now brings an Eighth Amendment deliberate indifference to medical needs claim against the following prison officials at FCI-Greenville: Warden James Cross, Doctor Allen, Doctor Douglas, Doctor Unknown ("Doctor John/Jane Doe"), P.A. Schnerder, and Ms. Pollman (health administrator). (Doc. 1, pp. 3-4). In connection with this claim, Plaintiff seeks monetary relief. (Doc. 1, p. 6). He also seeks injunctive relief, in the form of a medical transfer and surgery. *Id.*

1

This matter is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## The Complaint

According to the Complaint, Plaintiff suffered from a broken bone in his right knee and a bony growth in his foot during his incarceration at FCI-Greenville. (Doc. 1, p. 5). He was allegedly denied surgery and other forms of treatment for both injuries. *Id*. Plaintiff claims that the defendants' failure to address his injuries only exacerbated them. *Id*.

An orthopedic specialist allegedly recommended right knee replacement surgery following an MRI on an undisclosed date. (Doc. 1, p. 5). Despite the recommendation, Doctor John/Jane Doe refused to refer Plaintiff for surgery, issue him a knee brace, or authorize his use of a wheelchair. (Doc. 1, pp. 3, 5). Instead, the doctor gave him medication that caused an allergic reaction. *Id.* Administrator Pollman also refused to refer Plaintiff for surgery. (Doc. 1, p. 3). Instead, she forged a letter from Doctor Allen, which indicated that Plaintiff would need to lose weight before he would receive surgery. *Id.* P.A. Schnerder took matters into her own hands and cut at the growth on Plaintiff's foot, instead of referring him to a specialist. (Doc. 1, p. 5). Plaintiff claims that P.A. Schnerder was not qualified to perform this procedure and caused him to suffer from an infection. *Id.* Finally, Warden Cross authorized Plaintiff's transfer to a non-medical facility, by omitting any mention of these health conditions in his transfer paperwork. *Id.*

Plaintiff claims that the denial of adequate medical care at FCI-Greenville only caused both conditions to grow worse. (Doc. 1, pp. 5-6). Instead of right knee replacement surgery, he now needs bilateral knee replacement surgery. *Id.* In addition to foot surgery, he now suffers from an infection that may cause him to lose his foot. *Id.* In addition to monetary relief, Plaintiff seeks a medical transfer, knee surgery, foot surgery, and hand surgery.[1] (Doc. 1, p. 6).

### Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following enumerated count:

---

[1] Plaintiff does not explain why he now needs hand surgery. (Doc. 1, pp. 5-6).

**Count 1 -** Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they failed to provide him with adequate medical care for his knee and foot injuries during his incarceration at FCI-Greenville.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of this claim.

## Count 1

The allegations in the Complaint give rise to a cause of action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A *Bivens* claim is the federal counterpart to a claim brought pursuant to 42 U.S.C. § 1983. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). Both types of claims "are conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). For this reason, courts often look to § 1983 case law for guidance in construing the scope of the *Bivens* remedy. *Id.*

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The pleadings satisfy both threshold requirements for an Eighth Amendment deliberate indifference to medical needs claim against Warden Cross, Doctor John/Jane Doe, Administrator Pollman, and P.A. Schnerder. The allegations suggest that Plaintiff's knee and foot injury were

objectively serious. Both conditions were diagnosed by a medical professional as requiring treatment. Moreover, each of these defendants was allegedly aware that Plaintiff required knee and foot surgery, but they would not provide meaningful treatment for either condition. Count 1 shall receive further review against Warden Cross, Doctor John/Jane Doe, Administrator Pollman, and P.A. Schnerder, but no one else.

Doctor Allen is not named as a defendant in the caption of the Complaint or in the list of defendants. (Doc. 1, pp. 1-3). He was only mentioned in passing in the statement of claim. (Doc. 1, p. 5). When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, the claim(s) against Doctor Allen should be considered dismissed without prejudice from this action.

Doctor Douglas is named as a defendant in the case caption, but he is not mentioned in the statement of claim. (Doc. 1, pp. 1, 5). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). This is because the Court is unable to determine whether the defendant was personally involved in the deprivation of Plaintiff's constitutional rights. Count 1 shall be dismissed without prejudice against this defendant.

### Identification of Doctor John/Jane Doe

Plaintiff shall be allowed to proceed with Count 1 against Defendant Doctor John/Jane Doe. However, this defendant must be identified with particularity before service of the

Complaint can be made on him or her.  Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants.  *Rodriguez*, 577 F.3d at 832.  In this case, Warden Cross is already named as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant.  Guidelines for discovery will be set by the United States Magistrate Judge.  Once the name of Defendant Doctor John/Jane Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations for this individual in the case caption and throughout the Complaint.

### **Injunctive Relief**

Plaintiff's request for injunctive relief appears to be moot for two reasons.  First, Plaintiff is no longer housed at FCI-Greenville.  Generally, "when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Second, Plaintiff has also filed several other lawsuits based on the denial of adequate medical care for his knee and foot, and at least one of these suits is pending against officials at his current facility, USP-Victorville.  His request for injunctive relief based on the present denial of medical care should therefore be pursued in that case.  Plaintiff's request for injunctive relief in this case is **DENIED** without prejudice.  Plaintiff may renew this request, if he returns to FCI-Greenville or deems it necessary to do so as this action proceeds.

## Pending Motions

1. **IFP Motion (Doc. 2)**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") shall be addressed in a separate court order.

2. **Motions for Discovery (Docs. 5, 8)**

Plaintiff's two Motions for Discovery are **STRICKEN**, and the Clerk is **DIRECTED** to **RETURN** them to Plaintiff. Copies of written discovery should not be filed with the Court. Instead, Plaintiff may serve written discovery requests on the defendants and seek the Court's assistance in obtaining responses by filing a motion to compel the same, only if the defendants do not respond by the set deadline. *See* FED. R. CIV. P. 33-37.

3. **Motion to Summons Defendants (Doc. 9)**

Plaintiff's Motion to Summons Defendants is **DENIED** as unnecessary. Service of this *Bivens* suit on the defendants is ordered as a matter of course in cases involving a *pro se* plaintiff who has requested leave to proceed as a poor person.

## Disposition

The Clerk is directed to **REPLACE** Defendant "Dr. Unknown" with "Doctor John/Jane Doe" on the docket sheet in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** survives preliminary review and will proceed against Defendants **CROSS, JOHN/JANE DOE, SCHNERDER,** and **POLLMAN**. However, Count 1 is **DISMISSED** without prejudice against Defendants **ALLEN** and **DOUGLAS** for failure to state a claim upon which relief may be granted against both of these individuals.

With regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's

behalf, a summons and form USM-285 for service of process on Defendants **CROSS, JOHN/JANE DOE (once identified), SCHNERDER,** and **POLLMAN**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **CROSS, JOHN/JANE DOE (once identified), SCHNERDER,** and **POLLMAN** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

**IT IS ORDERED** that, if a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on Defendant Doctor John/Jane Doe until such time as Plaintiff has identified this individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for this individual.

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a plan for discovery aimed at identifying Doctor John/Jane Doe.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2017**

                                        _s/J. Phil Gilbert_
                                        **J. PHIL GILBERT**
                                        **United States District Judge**