UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSCOE CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>DR. ALLEN, JAMES CROSS, DR. KRUSE, PA SCHNEIDER, MS. POLLMAN, and DR. DOUGLAS,<br><br>Defendant. | Case No. 17-cv-996-JPG-RJD |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 67) of Magistrate Judge Reona J. Daly recommending that the Court grant the motion for summary judgment filed by defendants James Cross, PA Schneider and Ms. Pollman (Doc. 47) as well as the motion for summary judgment filed by defendant Dr. Kruse (Doc. 64). She further recommends the Court allow plaintiff Roscoe Chambers to file an amended complaint to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), based on the conduct at issue in this case if he has properly exhausted remedies for such a claim. Chambers has objected to the Report (Doc. 72), and the defendants have responded to that objection (Doc. 73).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Chambers filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). He complains that the defendants, who work at

the Federal Correctional Institute at Greenville, Illinois ("FCI-Greenville"), violated his Eighth Amendment rights when they were deliberately indifferent to his need for treatment of his knee and his foot while he was an inmate at FCI-Greenville (July 2, 2013, to June 22, 2015). Magistrate Judge Daly made a number of distinct recommendations; Chambers objects to virtually all of them.

Public Health Officer Immunity

Magistrate Judge Daly found in the Report that Pollman, the FCI-Greenville health services administrator, was absolutely immune from this *Bivens* action based on her refusal to refer Chambers for knee surgery and for allegedly forging a letter from Dr. Allen instructing Chambers that he must lose weight before surgery would be ordered. She based this conclusion on a declaration from a knowledgeable Bureau of Prisons ("BOP") official that Pollman was a commissioned officer of the United States Public Health Service ("PHS") at all relevant times. Because the Public Health Service Act provides that the FTCA is the exclusive remedy for personal injuries caused by medical or related functions within the scope of a PHS officer's employment, Magistrate Judge Daly found Pollman is immune from this suit.

Chambers objects that Pollman is not entitled to qualified immunity, failing to realize that qualified immunity is not the same as public health officer immunity. Public health officer immunity is rooted in 42 U.S.C. § 233(a), which states that the FTCA provides the exclusive remedy for a personal injury claim against a member of the PHS involving the performance of medical or related functions within the scope of employment. *Hui v. Castaneda*, 559 U.S. 799, 809 (2010). A PHS officer is therefore immune from a *Bivens* suit based on that conduct. *Hui*, 559 U.S. at 809.

Chambers argues that Pollman worked for the BOP, not the PHS, and never told him she was employed by the PHS. However, it appears from the declaration on file that Pollman was

2

employed by the PHS but assigned to work—"detailed," in the official argot—at FCI-Greenville. Chambers has not presented any evidence to the contrary. Moreover, Pollman is not required to inform Chambers of her PHS employment status in order to receive the benefit of public health officer immunity. Thus, no reasonable factfinder could find Pollman was not a PHS employee.

Finally, Chambers argues that Pollman's alleged forgery of a letter from Dr. Allen was not within the scope of her employment because she was not employed to fabricate medical records. He believes this deprives her of immunity from suit under 42 U.S.C. § 233(a). Whether conduct falls within the "scope of employment" is determined the law of the state where the alleged wrongful conduct occurred. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (FTCA context); *Cobb v. United States*, 247 F. Supp. 505, 506 (N.D. Ill. 1965), *aff'd sub nom. Cobb v. Kumm*, 367 F.2d 132 (7th Cir. 1966).

The law of Illinois, where Pollman's conduct occurred, does not precisely define "scope of employment" but considers several broad criteria:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>     (a) it is of the kind he is employed to perform;
>     (b) it occurs substantially within the authorized time and space limits;
>     [and]
>     (c) it is actuated, at least in part, by a purpose to serve the master. . . .
> (2) Conduct of a servant is not within the scope of employment if it is different in
>     kind from that authorized, far beyond the authorized time or space limits, or
>     too little actuated by a purpose to serve the master.

*Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989) (quoting (Restatement (Second) of Agency § 228). Even a forbidden, criminal, tortious or bad faith act may be within the scope of employment if the act was motivated in part to serve the employer. *Taboas v. Mlynczak*, 149 F.3d 576, 582-83 (7th Cir. 1998); *see Javier v. City of Milwaukee*, 670 F.3d 823, 830 (7th Cir. 2012) (citing Restatement (Second) of Agency §§ 230-31; applying Wisconsin law).

In this case, even the allegedly forged letter was within the scope of Pollman's

3

employment. A letter about whether and under what conditions a medical treatment is authorized by a doctor is the same general nature of service she was employed to perform—managing and operating FCI-Greenville's health care unit. She wrote the letter at the time and place of her employment, and no evidence shows it was not actuated, at least in part, by the purpose of managing and operating the health care unit. Thus, even if she signed a letter using the name of a doctor working at FCI-Greenville without authority, no reasonable factfinder could find it was not within the scope of her employment.

For these reasons, Pollman is entitled to public health officer immunity under 42 U.S.C. § 233(a).

Exhaustion of Remedies

Magistrate Judge Daly found in the Report that Chambers had failed to exhaust his administrative remedies for his claims in this lawsuit because he failed to exhaust his single grievance about his medical treatment at FCI-Greenville and only exhausted other grievances about medical treatment at other institutions. In his objection, Chambers claims the exhaustion requirement contained in 42 U.S.C. § 1997e(a) only applies to suits brought under 42 U.S.C. § 1983, not *Bivens* actions like his.

The relevant provision states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added). Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits by giving prison officials an opportunity to address complaints internally and take corrective action before the court get involved, by filtering out frivolous claims, and by creating an administrative record that can illuminate the dispute if it gets

to court. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

While it is true that § 1997e(a) only specifically refers to § 1983 actions, *Bivens* actions fall under the category of actions under "any other Federal law." *Bivens* plaintiffs confined in a prison must therefore exhaust all available administrative remedies before filing suit over prison conditions, including medical care. *Id.* Thus, Chambers was required to exhaust his available administrative remedies before filing this lawsuit.

Chambers also claims that he diligently tried to exhaust his remedies for the conduct alleged in this suit but that BOP officials impeded his efforts. He offers no specifics about his efforts or the impediments allegedly created by the BOP. With respect to the only grievance he filed about medical treatment at FCI-Greenville (Remedy Request 761663), it is undisputed that Chambers failed to submit a corrected grievance form (BP-10) to the BOP regional director, the third step in a four-step process, after his original BP-10 was rejected for procedural grounds. Although he claims he was impeded from submitting a corrected BP-10, he has pointed to no evidence from which a reasonable factfinder could infer such a conclusion. Indeed, the evidence on file can lead to only one conclusion; Chambers failed to exhaust his available administrative remedies for the claims in this lawsuit.

Statute of Limitations

Magistrate Judge Daly found in the Report that the absolute latest date Chambers' causes of action could have accrued was his last day in FCI-Greenville. June 22, 2015. He clearly already knew of his injuries at that time, and that was the last day any of the defendants could have played a role in his medical treatment. By then he had finished with (but not exhausted, as explained above) the grievance process for Remedy Request 761663 so the limitations period was no longer tolled. Thus, the two-year statute of limitations applicable to *Bivens* actions in Illinois expired, at the latest, on June 22, 2017. He filed this lawsuit in September 2017, almost

three months too late.

In his objection, Chambers disputes the accrual date proposed by Magistrate Judge Daly. Magistrate Judge Daly acknowledged that she could not determine the exact accrual date, but she chose the last date possible and the most generous date for Chambers. She was correct to do so and was correct to find that, even using this accrual date, Chambers filed this suit too late.

Chambers also objects to the application of any statute of limitations to *Bivens* actions. He is correct that *Bivens* itself does not specify a statute of limitations. However, the caselaw is clear: "The statute of limitations for *Bivens* claims against federal officers is the same as for § 1983 actions against state officers: both periods are borrowed from the state in which the alleged injury occurred." *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). Chambers alleged injury took place in Illinois, so the Illinois two-year statute of limitations for personal injury applies. *See id.* at 722 (citing 735 ILCS 5/13–202).

Finally, Chambers argues that his limitations period cannot run while he is still incarcerated in the BOP. Chambers has provided no law supporting his theory. The Court rejects that notion.

For these reasons, the Court finds Chambers' *Bivens* claims are barred by the statute of limitations.

<u>General Objection</u>

Chambers also faults Magistrate Judge Daly generally for failing to address the merits of his claims in the Report. However, there is no need to address the merits when the procedural matters discussed above resolve all the issues in this case.

The Court has reviewed the other parts of the Report for clear error and finds none.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 67);

- **OVERRULES** Chambers' objections (Doc. 72);

- **GRANTS** the defendants' motions for summary judgment (Doc. 47 & 64);

- **ORDERS** that Chambers shall have 30 days from the date of this order to submit a proposed amended complaint stating an FTCA negligence claim against the United States for the conduct at issue in this lawsuit.  If he fails to submit a timely proposed amended pleading, the Court will enter final judgment in this case.  The Court reminds Chambers that he must exhaust all of his administrative remedies before bringing an FTCA claim and must further comply with the affidavit requirements set forth at 735 ILCS 5/2-622(a); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  September 27, 2018**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**