# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROSCOE CHAMBERS,

    Plaintiff,

    v.

DR. ALLEN, JAMES CROSS, DR. KRUSE, PA SCHNEIDER, MS. POLLMAN, and DR. DOUGLAS,

    Defendant.

Case No. 17-cv-996-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Roscoe Chambers' motion for reconsideration (Doc. 76) of the Court's September 27, 2018, order (Doc. 74) adopting Magistrate Judge Reona J. Daly's Report and Recommendation ("Report") (Doc. 67) and granting the summary judgment motions filed by defendants James Cross, PA Schneider, Ms. Pollman and Dr. Kruse (Docs. 64 & 47). The defendants have responded to Chambers' motion for reconsideration (Doc. 77). In deciding Chambers' motion, the Court has also considered his belated reply to the defendants' response to his objection to the Report (Doc. 75).

Chambers labels his motion as pursuant to Federal Rule of Civil Procedure 59(e), but Rule 59(e) applies only to final judgments. The Court has not entered final judgment in this case, so Rule 59(e) does not apply. Instead, the Court considers Chambers' request for reconsideration of one of its prior decisions in the same case before judgment is entered. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at

any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Chambers has presented no compelling reason for revisiting the Court's decision to grant the defendants summary judgment on the *Bivens* claims in this case. He points to no manifest error of law or change in the law that reveals the Court's prior decision was wrong. Instead, he rehashes the same arguments he made in response to the defendants' summary judgment motions and in his objection to the Report, or he advances new arguments he could have and should have made earlier. For example, he restates his old arguments—which the Court has already rejected—about public health officer immunity, exhaustion of administrative remedies, and the statute of limitations. In addition, he addresses the merits of his deliberate indifference claim, but the merits were not relevant to the Court's ruling, which was based on the aforementioned procedural arguments. Chambers also asks the Court to hold the defendants liable for the conduct of other medical personnel working in other Bureau of Prisons facilities, which is not permissible under *Bivens*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017) ("Liability under *Bivens* is personal rather than vicarious."). In sum, Chambers has said nothing that warrants reconsideration of the Court's prior order. Accordingly, the Court will deny Chambers' motion for reconsideration (Doc. 76).

The Court further notes that in its September 27, 2018, order (Doc. 74), it gave Chambers thirty days to submit a proposed amended complaint stating a Federal Tort Claims Act ("FTCA") negligence claim against the United States for the conduct at issue in this lawsuit. It warned him that if he failed to submit a timely proposed amended pleading, the Court would enter final judgment in this case. It further reminded him that he must exhaust all of his administrative remedies before bringing an FTCA claim and must further comply with the affidavit requirements set forth at 735 ILCS 5/2-622(a). Chambers has not tendered a proposed amended pleading asserting an FTCA claim, and in his motion for reconsideration he concedes that he did not exhaust his administrative remedies under the FTCA because he did not know that defendant Pollman was a Public Health Service employee and that he needed to exhaust those remedies for her conduct. Because Chambers has failed to tender an amended complaint that pleads an FTCA claim, and it appears any such claim would be subject to dismissal for failure to exhaust administrative remedies, the Court, as it warned it would, will enter final judgment at this time.

For the foregoing reasons, the Court:

- **DENIES** Chambers' motion for reconsideration (Doc. 76); and
- **DIRECTS** the Clerk of Court to enter judgment at this time.

**IT IS SO ORDERED.**
**DATED: November 19, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**